# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,     )
     )
     )
     Plaintiff,     )
     )
     v.     )     No. 4:20-cv-01763-PLC
     )
PHARMA CORR, et al.,     )
     )
     Defendants.     )

## OPINION, MEMORANDUM AND ORDER

This closed civil matter is before the Court for review of self-represented Plaintiff Joseph Michael Devon Engel's post-judgment motion. Doc. 17. Plaintiff is a prisoner who is subject to 28 U.S.C. § 1915(g), and who previously "knowingly and persistently engaged in litigation practices that amount[ed] to abuse of the judicial process" in this Court. *Engel v. Jefferson Cnty. Sheriff Dep't*, No. 4:21-cv-896-SEP, 2021 WL 4133791, at *3 (E.D. Mo. Sept. 10, 2021). The instant case was dismissed on April 30, 2021, and the Eighth Circuit Court of Appeals dismissed Plaintiff's appeal on September 1, 2021.

In his motion, Plaintiff requests that the Court reopen this case, appoint counsel to represent him, award $2.5 million in damages, and grant other relief. Doc 17. In support, Plaintiff references various grievances. For example, Plaintiff alleges that he was given a tuberculosis shot in prison that he did not need. He

characterizes this medical treatment as intentional infliction of physical, mental, and emotional injuries.  Doc. 17 at 1.

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it is functionally equivalent to a motion filed under Rule 60(b).  "Rule 60(b) allows a party to seek relief from a final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (citing Fed. R. Civ. P. 60(b)(1)-(5)).  "Rule 60(b) also includes a 'catchall' provision—Rule 60(b)(6)—that allows a district court to reopen a case for 'any other reason that justifies relief.'"  *Id.* (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).  A 1-year limitations period applies to motions seeking relief based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, and misconduct.  Fed. R. Civ. P. 60(c)(1).  The other grounds for relief do not have a similar 1-year limitations period, but must be made "within a reasonable time."  *Id.*

Having thoroughly reviewed and liberally construed Plaintiff's motion, the Court finds it cannot be interpreted to set forth a valid basis for relief under any provision of Rule 60(b).  The Court will therefore deny the motion.  The Court also finds that the motion is consistent with Plaintiff's earlier pattern of abusive litigation

2

before this Court.  The Court will therefore direct the Clerk to return any future documents to Plaintiff unfiled.

Accordingly,

**IT IS HERBY ORDERED** that Plaintiff's motion is **DENIED**.  [Doc. 17]

**IT IS FURTHER ORDERED** that should Plaintiff submit any additional documents in this closed matter, the Clerk of Court shall return them to Plaintiff unfiled.

Dated this 20th day of May, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE